UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| INTERNATIONAL ASSOCATION OF MACHINISTS AND AEROSPACE WORKERS DISTRICT NO. 9,<br><br>    Plaintiff,<br><br>v.<br><br>OLIN CORPORATION,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.:<br>)<br>)<br>)<br>) |

## **COMPLAINT**

COMES NOW International Association of Machinists and Aerospace Workers District No. 9 ("the Union"), through counsel, and for its Complaint against Olin Corporation ("the Company"), states as follows:

1. This action arises under, and jurisdiction is conferred on this Court by virtue of, Section 301 of the Labor Management Relations Act ("LMRA") of 1947, 29 U.S.C. §185.  The Union brings this action seeking enforcement of an arbitration award issued by an impartial arbitrator. Venue is proper in this judicial district.

2. Plaintiff International Association of Machinists and Aerospace Workers, District No. 9 ("the Union") is a labor organization representing employees in an industry affecting commerce, as defined in Sections 501(1) and (3) and Section 2(5) of the LMRA, 29 U.S.C. §§142(1) and (3) and §152(5), and within the meaning of Section 301 thereof, 29 U.S.C. §185.

3. Plaintiff Union maintains its principal offices in St. Louis County, Missouri.

4. Defendant Olin Corporation ("the Company"), is an Illinois corporation authorized to do business in the State of Illinois, and has an office and place of business in East Alton, Illinois, within the territorial jurisdiction of this Court.

5. Defendant is an employer engaged in an industry affecting commerce as defined in Sections 501(1) and (3) and Sections 2(2) of the LMRA, 29 U.S.C. §§142(1) and (3) and §152(2) and within the meaning of Section 301 thereof, 29 U.S.C. §185.

6. The Union and the Company are bound by a collective bargaining agreement ("CBA"), effective from December 5, 2016 through December 5, 2021. The CBA is attached hereto as Exhibit 1.

7. Section 4.1.a of the parties' CBA requires that discipline be issued for cause.

8. Sections 4.3 through 4.12 of the CBA provide a mechanism for resolving grievances, which includes final and binding arbitration.

9. James Jackson is an employee of the Company who, at all relevant times, was represented for purposes of collective bargaining by the Union.

10. On or about August 17, 2018, the Company suspended Jackson.

11. On or about October 11, 2018, the Company discharged Jackson.

12. Pursuant to Section 4.5 of the CBA, the Union timely filed a grievance challenging Jackson's discharge.

13. The parties were unable to reach agreement as to the grievance. Accordingly, the Union and the Company arbitrated the grievance.

14. The parties mutually selected Gerard A. Fowler to serve as impartial arbitrator of the Jackson discharge grievance.

15. On August 21, 2019, Arbitrator Fowler held a hearing regarding the Union's grievance. At the hearing, both parties had a full opportunity to present their positions and raise any issues. Thereafter, both parties submitted briefs to Arbitrator Fowler.

16. On January 9, 2020, Arbitrator Fowler issued his award, which is attached as Exhibit 2, and held as follows at page 11:

> In accord with the analysis supra, the grievance is sustained. Grievant is to be reinstated and made whole for all wages, and benefits that he would have been entitled to as an active employee of the Company. The Arbitrator will retain jurisdiction for a period of thirty (30) days [for] the sole purpose of resolving any issues relating to remedy.

17. The Company reinstated Jackson but despite repeated demands made by the Union, the Company has refused to make Jackson whole for all wages and benefits to which he would have been entitled as an active employee.

18. Despite repeated request by the Union, the Company also refused to acknowledge the retention of jurisdiction by the arbitrator and refused to return to the arbitrator for resolution of the remedy dispute.

19. The arbitration award drew its essence from the parties' CBA. Therefore, Arbitrator Fowler's award was fully within his authority as established by the parties' CBA.

20. The Company's refusal to comply with the arbitration award is groundless, without justification, and in bad faith.

WHEREFORE, the International Association of Machinists and Aerospace Workers, District No. 9 requests:

1. That this Court enter a judgment enforcing the arbitrator's award by ordering the Company to make Jackson whole by reimbursing him for all wages and benefits he would have earned had he been an active employee from August 17, 2018, to the date of his reinstatement.

2. That this Court award the Union its attorneys' fees and costs sustained in this action.

3. That this Court grant the Union such other and further relief as may be just and proper in the circumstances.

Respectfully submitted,

 /s/ Emily R. Perez
EMILY R. PEREZ, #6294544
HAMMOND AND SHINNERS, P.C.
13205 Manchester Rd., Suite 210
Saint Louis, MO 63131
Phone: (314) 727-1015
Fax: (314) 727-6804

Attorneys for Defendant and Counter-Plaintiff International Association of Machinists and Aerospace Workers, District No. 9