IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS DISTRICT NO. 9, <br> Plaintiff, <br><br> v. <br><br> OLIN CORPORATION, <br> Defendant. <br> _____ <br> OLIN CORPORATION, <br> Counter-Claimant, <br><br> v. <br><br> INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS DISTRICT NO. 9, <br> Counter-Defendant. | Case No. 20–CV–00221–JPG |

## **ORDER**

This is a closed labor-relations case. Before the Court is Plaintiff/Counter-Defendant International Association of Machinists and Aerospace Workers District No. 9's ("Union's") Motion for Attorney's Fees. (ECF No. 35). Defendant/Counter-Claimant Olin Corporation ("Olin") did not respond.

In 2020, the Court (1) granted summary judgment for the Union when Olin openly refused to comply with a binding arbitration award and (2) ordered Olin to pay the Union's attorney's fees. (Mem. Op. & Order 6, ECF No. 32). The Clerk of Court entered judgment, (Judgment 1, ECF No. 34), and the Union moved for $10,900.50 in attorney's fees, (Mot. for Att'y Fees at 1). It included an affidavit from Janine Martin (one of the Union's attorneys), (Martin Aff. 1, ECF No. 35-1), and an itemized bill, (Bill 1, ECF No. 35-2).

"[E]ven though the so-called 'American Rule' prohibits fee shifting in most cases," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 259 (1975)), "[t]here are ample grounds for recognizing . . . that in narrowly defined circumstances federal courts have inherent power to assess attorney's fees against counsel," *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980). This includes when a party to a collective-bargaining agreement flouts a binding arbitration award:

> A company dissatisfied with the decisions of labor arbitrators need not include an arbitration clause in its collective bargaining contracts, but having agreed to include such a clause it will not be permitted to nullify the advantages to the union by spinning out the arbitral process unconscionably through the filing of meritless suits and appeals. **For such conduct the law authorizes sanctions that this court will not hesitate to impose . . . . <u>Lawyers practicing in the Seventh Circuit, take heed!</u>**

*Dreis & Krump Mfg. Co. v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. No. 8*, 802 F.2d 247, 255–56 (7th Cir. 1986). *Cf. Tucker v. Williams*, 682 F.3d 654, 661–62 (7th Cir. 2012) ("We have stated that a district court must exercise restraint and caution in exercising its inherent power.").

Although Olin did not launch this suit per se, it stemmed from Olin's refusal to honor the collective-bargaining agreement. Olin then named itself a counter-claimant and sought to overturn the arbitration award. As discussed in the Court's Memorandum Opinion and Order, Olin's actions were frivolous and in bad faith, warranting sanctions.

"[T]he primary method used by courts in assessing attorney-fee awards is referred to as the *lodestar* approach. Under the lodestar calculation, petitioning attorneys must present detailed time records of the hours expended by each lawyer indicating the nature of the particular work done by each." 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2675.2 (4th ed. 2020) (emphasis added). "[T]he district judge can, of course, and should, disallow

particular expenses that are unreasonable whether because excessive in amount or because they should not have been incurred at all." *Henry v. Webermeier*, 738 F.2d 188, 192 (7th Cir. 1984).

After reviewing the Union's bill, an award of $10,632 is reasonable and appropriate. The market rates for the Union's lawyers, Janine Martin (partner) and Luke Klein (law clerk), are $195 and $150 respectively. (Martin Aff. at 1). Based on the Court's experience, these rates are on par with other attorneys in the field of labor relations in Southern Illinois. Martin billed 18 hours, and Klein billed 49.3 hours, for a total of 67.3 hours. (*Id.*). The bill, however, reflects 69 hours: A total fee of $10,900.50. (Bill at 1). Although the charges were reasonable, the Court will rely on the hours reflected in the affidavit—67.3—and reduce the costs by $268.50.

The Court therefore **ORDERS** Olin to pay the Union's attorney's fees of $10,632.

**IT IS SO ORDERED.**

**Dated: Monday, January 25, 2021**

**S/J. Phil Gilbert**
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**
